UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| DR. KRISHNA MURTHY )<br>7715 Lear Road )<br>McLean, VA  22102 )<br>                                        )<br>         Plaintiff,            )<br>                                        )<br>    v.                              )<br>                                        )<br>MIKE JOHANNS, SECRETARY )<br>U.S. DEPARTMENT OF       )<br>AGRICULTURE                  )<br>1400 Independence Avenue, SW )<br>Washington, D.C. 20250        )<br>                                        )<br>         Defendant.          )<br>_____) | Case No.<br><br><br>Jury Trial Demand |

## **Complaint**

Comes now Plaintiff Krishna Murthy, by and through counsel, and files this complaint against Defendant Mike Johanns, Secretary, U.S. Department of Agriculture.

### **Jurisdiction and Venue**

1.   This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. Section 1331 and 42 U.S. C. Section 2000e et seq. (Title VII).

2.   Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Murthy's claims occurred in this judicial district and Defendant may be found in this judicial district.

### **Parties**

3.   Plaintiff Krishna Murthy (hereafter "Plaintiff" or "Dr. Murthy"), is South Asian and a twenty-seven employee with the U.S. Department of Agriculture.

4.      Defendant Mike Johanns (hereafter "Defendant") is the Secretary for the U.S. Department of Agriculture.

**Facts**

5.      Dr. Murthy is employed as a Senior Staff Officer/Veternarian, as a GS 14, Step 10. Dr. Murthy works within the Food Safety and Inspection Services (FSIS). Throughout his tenure, Dr. Murthy has performed his job at an exemplary level, but has been denied promotions to the grade 15 level repeatedly, and consequently has filed EEO complaints against the Agency.

6.      Dr. Murthy was a leader in starting the Organization of South Asian Americans in Agriculture (OSAAA).  Dr. Murthy later played an instrumental part in initiating a class complaint on behalf of Asian employees at USDA.  The Asian Class complaint was filed on the basis of denial of promotions to Asian employees at USDA.

7.      Arun Basu filed a formal complaint of discrimination on behalf of a proposed class of Asian employees.  Dr. Murthy was one of six class agents.  The class was defined as "all current Asia/Pacific Islander employees at the GS-7 level and above who were eligible for but have not received promotions and all Asian/Pacific Islander current employees who were eligible for and have applied for positions with the Department but have not been selected."  During the course of the settlement discussions with the Agency, Farook Sait was the class representative in negotiating both the individual and class relief.  Sait carried out this role while employed as a manager for the Agency.

8.      On December 7, 2004, an EEOC administrative judge granted final approval of the Settlement Agreement.  The Settlement Agreement provided for specific individual relief for class members, and general relief for three different tiers of employees.   Under

the Agreement, class agents were to be provided a copy of the Notice of Proposed Settlement, informing them that they had thirty days in which to file objections to the administrative judge.

9. Dr. Murthy did not receive a copy of the proposed settlement agreement and notice of his right to file objections. The Agency claims that the notice was sent by regular mail.

10. Six individuals were class agents. At the time of the settlement, four class agents were still employed at the Agency and two class agents had ended their employment at the Agency. Three of the class agents who were employed at the Agency received significant individual relief, including retroactive promotions and payments of $100,000 to $300,000. Dr. Murthy was designated to receive only $40,000 and a two step increase at his current grade 14 step 8 position. The Settlement Agreement provided that the Agency would create a Development Opportunity Placement Program within the Food Safety and Inspection Services within 180 days from December 7, 2004. The Agency did not develop the program within 180 days. This contributed to Dr. Murthy not being promoted. In addition, as part of the settlement agreement, the Agency was required to provide Dr. Murthy with training at the Office of Personnel Management, which did not occur. Class members were not informed of the relief provided to class agents.

11. In May 2005, Dr. Murthy learned of the approval of the settlement and the fact that he had thirty days to object, which had passed. Dr. Murthy immediately began protesting that he did not receive notice of his right to file an objection, and sought review/reconsideration of the individual relief provided to him.

12. Dr. Murthy filed a notice of breach of the settlement agreement with the Agency and later filed a petition with the EEOC Office of Federal Operations, challenging the fairness of the class action settlement. The EEOC Office of Federal Operations upheld the settlement agreement and denied Dr. Murthy's petition and request for reconsideration. Dr. Murthy has exhausted all administrative remedies prior to filing suit.

13. In June and August 2006, Dr. Murthy filed complaints alleging discrimination based on race, age and religion, and reprisal when he applied for GS-15 positions and was not selected.

## Count I

### Violation of Title VII of the Civil Rights Act of 1964
### 42 U.S.C. Section 2000e-2(a)

**(Discrimination and Retaliation)**

Plaintiff incorporates by reference paragraphs one through thirteen as if fully stated herein.

14. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, term, conditions, or privileges of employment, because of such individual's color, religion, sex, age, national origin, or to limit, segregate, or classify his employees or applicants for employment opportunities or otherwise adversely affect his status as an employee, because of the individual's race, color, religion, sex, age, or national origin, and prohibits retaliation for engaging in prior EEO activity.

15. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

16.     At all pertinent times, Dr. Murthy was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

17.     In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. Section 2000e-2(a), Defendant knowingly and intentionally engaged in unlawful discrimination, including but not limited to denying Dr. Murthy promotion to grade 15 positions in June and August 2006, despite his superior qualifications and experience.  Defendant engaged in acts of discrimination against Dr. Murthy based on race, religion, and in retaliation for prior EEO activity as detailed above.  Defendant discriminated and retaliated against Dr. Murthy by providing him significantly less relief than other class agents and then failing to provide him notice of his right to file an objection to the class action settlement agreement and specifically agreed upon relief.

Wherefore, Dr. Murthy prays as follows:

A.  That the court enter judgment in favor of Dr. Murthy and against Defendant, and enjoin the Defendant from further acts of discrimination;

B.  That the court find that Defendant violated Title VII of the Civil Rights Act of 1964, as amended;

C.  Placement of Dr. Murthy in the position he was denied or a comparable GS-15 position and grant Dr. Murthy compensatory damages, including back pay and front pay and benefits against Defendant;

D.  Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

E.   That the Court award Dr. Murthy such other relief as to which he may be deemed entitled.

## COUNT II

### Breach of Contract

Plaintiff realleges and incorporates the allegations of all paragraphs above as if fully set forth in Count I.

18. Plaintiff was a class agent for a class action which was settled with the Agency. Defendant breached the express and implied contractual commitments to Plaintiff by: 1) failing to inform Plaintiff of the individual relief received by other class agents and providing Plaintiff significantly less in the settlement agreement than other class agents who were employed at the Agency; 2) failing to provide Plaintiff notice of the settlement agreement so that he could file objections to the settlement agreement in a timely manner; and 3) failing to provide individual agreed upon relief.

29. At the time the parties entered into the settlement agreement it was known and understood, and within the reasonable contemplation of the parties, that in the event of a breach, Plaintiff would suffer damages as a foreseeable and probable result thereof.

30. As a direct and proximate result of Defendant breach of the contract and Plaintiff's reliance thereon, Plaintiff has suffered financial and other consequential damages.

WHEREFORE Dr. Murthy prays that the court enter judgment on his behalf, and grant the following relief:

A. Recission of the settlement agreement as it pertains to Dr. Murthy. Award Plaintiff damages in an amount equal to all of his accumulated lost wages and benefits in an amount to be determined at trial, plus an additional amount for future lost wages, plus

an additional amount in damages for the financial and emotional harm caused by Defendant, including prejudgment and postjudgment interest.

    B.    Award payment of all fees, costs, expenses, including attorneys fees and expert fees;

    C.    That the Court award Plaintiff such other relief as to which he may be deemed entitled.

Respectfully submitted,

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C.  20009
(202) 785-2805 phone
(202) 785-0289 fax

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all counts.

06-2208
RJL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Krishna Murthy

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David Branch
1825 Conn. Ave., NW
WDC 20009

## DEFENDANTS

U.S. DA / Nide Johans

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER    1:06CV02208

JUDGE:  Richard J. Leon

DECK TYPE:  Employment Discrimination

DATE STAMP:  12/26/2006

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF A

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000e  Title VII – Employment Discrimination

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

DATE 12/21/06   SIGNATURE OF ATTORNEY OF RECORD  [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd



RECEIVED
DEC 26 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT