**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
Civil Division**

| | |
|---|---|
| DR. KRISHNA MURTHY )<br>7715 Lear Road )<br>McLean, VA  22102 )<br>                                    )<br>            **Plaintiff,**       )<br>                                    )<br>     v.                             )<br>                                    )<br>MIKE JOHANNS, SECRETARY )<br>U.S. DEPARTMENT OF      )<br>AGRICULTURE                )<br>1400 Independence Avenue, SW )<br>Washington, D.C. 20250     )<br>                                    )<br>            **Defendant.**    )<br>_____) | Case No. 06-2208 (RJL)<br><br>Jury Trial Demand |

**Plaintiff's First Amended Complaint**

Comes now Plaintiff Krishna Murthy, by and through counsel, and files this first amended complaint against Defendant Mike Johanns, Secretary, U.S. Department of Agriculture.

**Jurisdiction and Venue**

1.     This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. Section 1331 and 42 U.S. C. Section 2000e et seq. (Title VII).

2.     Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Murthy's claims occurred in this judicial district and Defendant may be found in this judicial district.

**Parties**

3.     Plaintiff Krishna Murthy (hereafter "Plaintiff" or "Dr. Murthy"), an South Asian is a twenty-seven employee with the U.S. Department of Agriculture.

4.     Defendant Mike Johanns (hereafter "Defendant") is the Secretary for the U.S. Department of Agriculture.

## Facts

5.     Dr. Murthy is employed as a Senior Staff Officer/Veternarian, as a GS 14, Step 10. Dr. Murthy works within the Food Safety and Inspection Services (FSIS). Throughout his tenure, Dr. Murthy has performed his job at an exemplary level, but has been denied promotions to the grade 15 level repeatedly, and consequently has filed EEO complaints against the Agency.

6.     Dr. Murthy was a leader in starting the Organization of South Asian Americans in Agriculture (OSAAA).  Dr. Murthy later played an instrumental part in initiating a class complaint on behalf of Asian employees at USDA. .  The Asian Class complaint was filed on the basis of denial of promotions to Asian employees at USDA.

7.     Arun Basu filed a formal complaint of discrimination  on behalf of a proposed class of Asian employees.  Dr. Murthy was one of six class agents.  The class was defined as "all current Asia/Pacific Islander employees at the GS-7 level and above who were eligible for but have not received promotions and all Asian/Pacific Islander current employees who were eligible for and have applied for positions with the Department but have not been selected."  During the course of the settlement discussions with the Agency, Farook Sait was the class representative in negotiating both the individual and class relief.  Sait carried out this role while employed as a manager for the Agency.

8.     On December 7, 2004, an EEOC administrative judge granted final approval of the Settlement Agreement.  The Settlement Agreement provided for specific individual relief for class members, and general relief for three different tiers of employees.  Under

the Agreement, class agents were to be provided a copy of the Notice of Proposed Settlement, informing them that they had thirty days in which to file objections to the administrative judge.

9. Dr. Murthy did not receive a copy of the proposed settlement agreement and notice of his right to file objections. The Agency claims that the notice was sent by regular mail.

10. Six individuals were class agents. At the time of the settlement, four class agents were still employed at the Agency and two class agents had ended their employment at the Agency. Three of the class agents who were employed at the Agency received significant individual relief, including retroactive promotions and payments of $100,000 to $300,000. Dr. Murthy was designated to receive only $40,000 and a two step increase at his current grade 14 step 8 position. The Settlement Agreement provided that the Agency would create a Development Opportunity Placement Program within the Food Safety and Inspection Services within 180 days from December 7, 2004. The Agency did not develop the program within 180 days. This contributed to Dr. Murthy not being promoted.    In addition, as part of the settlement agreement, the Agency was required to provide Dr. Murthy with training at the Office of Personnel Management, which did not occur.   Class members were not informed of the relief provided to class agents.

11. In May 2005, Dr. Murthy learned of the approval of the settlement and the fact that he had thirty days to object, which had passed. Dr. Murthy immediately began protesting that he did not receive notice of his right to file an objection, and sought review/reconsideration of the individual relief provided to him.

12.     Dr. Murthy filed a notice of breach of the settlement agreement with the Agency and later filed a petition with the EEOC Office of Federal Operations, challenging the fairness of the class action settlement.  The EEOC Office of Federal Operations upheld the settlement agreement and denied Dr. Murthy's petition and request for reconsideration.  Dr. Murthy has exhausted all administrative remedies prior to filing suit.

13.     In June and August 2006, Dr. Murthy filed complaints alleging discrimination based on race, age and religion, and reprisal when he applied for GS-15 positions and was not selected.

## Count I

### Violation of Title VII of the Civil Rights Act of 1964
### 42 U.S.C. Section 2000e-2(a)

### (Discrimination and Retaliation)

Plaintiff incorporates by reference paragraphs one through thirteen as if fully stated herein.

14.     Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, term, conditions, or privileges of employment, because of such individual's color, religion, sex, age, national origin, or to limit, segregate, or classify his employees or applicants for employment opportunities or otherwise adversely affect his status as an employee, because of the individual's race, color, religion, sex, age, or national origin, and prohibits retaliation for engaging in prior EEO activity.

15.     At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

16.     At all pertinent times, Dr. Murthy was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a).

17.     In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. Section 2000e-2(a), Defendant knowingly and intentionally engaged in unlawful discrimination, including but not limited to denying Dr. Murthy promotion to grade 15 positions in June and August 2006, despite his superior qualifications and experience.  Defendant engaged in acts of discrimination against Dr. Murthy based on race, religion, and in retaliation for prior EEO activity as detailed above.  Defendant discriminated and  retaliated against Dr. Murthy by providing him significantly less relief than other class agents and then failing to provide him notice of his right to file an objection to the class action settlement agreement.

      Wherefore, Dr. Murthy prays as follows:

      A.  That the court enter judgment in favor of Dr. Murthy and against Defendant, and enjoin the Defendant from further acts of discrimination;

      B.  That the court find that Defendant violated Title VII of the Civil Rights Act of 1964, as amended;

      C.  Placement of Dr. Murthy in the position he was denied or a comparable GS-15 position and grant Dr. Murthy compensatory damages, including back pay and front pay and benefits against Defendant;

      D.  Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

      E.  That the Court award Dr. Murthy such other relief as to which he may be deemed entitled.

## COUNT II

### Breach of Contract

Plaintiff realleges and incorporates the allegations of all paragraphs above as if fully set forth in Count I.

18.     Plaintiff was a class agent for a class action which was settled with the Agency. Defendant breached the express and implied contractual commitments to Plaintiff by: 1) failing to inform Plaintiff of the individual relief received by other class agents and providing Plaintiff significantly less in the settlement agreement than other class agents who were employed at the Agency; and 2) failing to provide Plaintiff notice of the settlement agreement so that he could file objections to the settlement agreement in a timely manner .

29.     At the time the parties entered into the settlement agreement  it was known and understood, and within the reasonable contemplation of the parties, that in the event of a breach, Plaintiff would suffer damages as a foreseeable and probable result thereof.

30.     As a direct and proximate result of Defendant breach of the contract and Plaintiff's reliance thereon, Plaintiff has suffered financial and other consequential damages.

WHEREFORE Dr. Murthy prays that the court enter judgment on his behalf, and grant the following relief:

A.     Recission of the settlement agreement as it pertains to Dr. Murthy.  Award Plaintiff damages in an amount equal to all of his accumulated lost wages and benefits in an amount to be determined at trial, plus an additional amount for future lost wages, plus

an additional amount in damages for the financial and emotional harm caused by Defendant, including prejudgment and postjudgment interest.

      B.    Award payment of all fees, costs, expenses, including attorneys fees and expert fees;

      C.    That the Court award Plaintiff such other relief as to which he may be deemed entitled.

Respectfully submitted,

/s/
David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C. 20009
(202) 785-2805 phone
(202) 785-0289 fax

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all counts.

## Certificate of Service

I hereby certify this 19th day of August 2007 that a copy of the foregoing Plaintiff's Amended Complaint was sent via electronic mail to counsel for the Defendant at the address listed below:

Jonathan Brumer
AUSA- District of Columbia
501 3rd Street, NW Fourth Floor
Washington, DC 20001        /s/
        _____

        David A. Branch