UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KRISHNA MURTHY,<br><br>　　　　Plaintiff<br><br>v.<br><br>EDWARD SCHAFER,[1]<br>Secretary, U.S. Department of<br>Agriculture,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Case No. 06-2208 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION
(September 25, 2008) [#24]

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Plaintiff Krishna Murthy ("plaintiff" or "Murthy") alleges that his employer, the U.S. Department of Agriculture ("USDA"), discriminated and retaliated against him and breached a class action settlement. Because plaintiff's contract claims are exclusively within the jurisdiction of the Court of Federal Claims, and because the plaintiff did not exhaust his administrative remedies before filing his discrimination and retaliation claims in this Court, the defendant's motion is GRANTED.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), if a public officer named as a party to an action in his official capacity ceases to hold that office, the court will automatically substitute the officer's successor. Accordingly, the Court substitutes Secretary Schafer for Acting Secretary Chuck Conner.

## BACKGROUND

Murthy has been employed by the USDA since February 10, 1980. *See* Am. Compl. ¶ 3. He was a class agent in a class action discrimination suit against the USDA filed by Asian/Pacific Islander employees of the agency in 1999 with the Equal Employment Opportunity Commission ("EEOC"). Def.'s Mot. at 4. In October 2003, the USDA and the class agents entered into the settlement agreement (the *Basu* agreement) which is the subject of this lawsuit. *Id.* That agreement was approved provisionally by an EEOC Administrative Judge ("AJ") in January 2004. Pursuant to the order approving the agreement, the government was required to notify class members of the settlement to allow them to protest any provision of the agreement within thirty days of the receipt of notice. *Id.* at 8, 10.

On February 17, 2004, the USDA mailed a package to the plaintiff, containing a letter describing plaintiff's proposed individual award, a notice of settlement informing plaintiff that he must object to the settlement agreement within 30 days of the notice of resolution, and the agreement itself. Def. Mot. at 9-10. Plaintiff admits that he received a copy of the *Basu* settlement agreement in February 2004, but alleges that he did not receive the letter with his individual award until May 26, 2005. Pl. Opp'n. at 4. In any event, plaintiff did not object to the terms of the *Basu* agreement within the prescribed thirty-day window, and the AJ granted final approval of the agreement on December 7, 2004. Def. Mot. at 11-12.

The *Basu* agreement laid out a procedure to pursue breach claims. Def. Mot., Ex. 2, at 15-16. To comply with these procedures, plaintiff must, among other actions: (1)

2

orally inform the USDA Office of General Counsel of his breach claims at least five calendar days before giving written notice of those claims to the Department Liaison; (2) provide written notice to the Department Liaison; and (3) provide the Office of General Counsel with thirty-five days to respond to his claims. *Id.* Plaintiff did not comply with any of these requirements. Def. Mot. at 29-31.

Instead, plaintiff complained about the fairness and implementation of the *Basu* agreement to various USDA officials between September 22, 2005 and May 4, 2006. Def. Mot. at 14. On March 10, 2006, plaintiff filed a formal complaint of employment discrimination, alleging, among other things, that defendant "breached the settlement agreement when plaintiff did not receive a promotion to a GS-15 position." Def. Statement of Mat. Facts ¶ 44. The agency dismissed the action because an EEO complaint process was "not the proper place to resolve breach claims that do not allege a subsequent act of discrimination." *Id.* ¶¶ 42, 45.

Undeterred, plaintiff filed additional written complaints with the EEOC on June 28, 2006 and August 27, 2006. The June complaint alleged retaliation, as well as discrimination on the basis of race, religion, and age, when plaintiff "was not provided information to file an appeal for the Class Action Complaint and did not have the opportunity to send in a rebuttal which deprived him of promotion to a GS-15 position." *Id.* ¶¶ 57-59. The August complaint alleged that the USDA discriminated and retaliated against plaintiff when he was not selected for an associate deputy administrator position. *Id.* ¶¶ 54-55. Finally, the Plaintiff filed the complaint in this Court on December 26, 2006 – 131 days after the August 2006 complaint. Def. Mot. at 36.

Defendant now moves to dismiss the case or, in the alternative, for summary judgment. For the reasons set forth below, that motion is GRANTED.

## DISCUSSION

**I.    Contract Claims**

A court may dismiss a portion of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Alternatively, if a court does not have jurisdiction over a claim, it may transfer the action to a court with the power to exercise jurisdiction. 28 U.S.C. § 1631. Upon a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has jurisdiction. *Brady Campaign to Prevent Gun Violence v. Ashcroft*, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). In doing so, a court must accept all the non-movant's factual allegations as true when reviewing a motion to dismiss, but such allegations "'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (internal citations omitted); *see also Brady Campaign to Prevent Gun Violence*, 339 F. Supp. 2d at 72-73. But even after accepting the plaintiff's allegations as true, the Court finds that he still has failed to meet his burden. How so?

The Court of Federal Claims has exclusive jurisdiction over contract claims against the United States seeking damages in excess of $10,000. 28 U.S.C. § 1491(a)(1); *see also Hansson v. Norton*, 411 F.3d 231, 232 (D.C. Cir. 2005). Title VII settlement

agreements with federal agencies are generally considered contracts,[2] and are subject to the exclusive jurisdiction of the Court of Federal Claims if the contract claim exceeds $10,000. *See Hansson*, 411 F.3d at 235; *Shaffer v. Veneman*, 325 F.3d 370, 372 (D.C. Cir. 2003). Thus, a claim belongs in the Court of Federal Claims if it "explicitly or in essence" seeks more than $10,000 monetary relief from the federal government. *Greenhill v. Spellings*, 482 F.3d 569, 573 (D.C. Cir. 2007); *Kidwell v. Dep't of Army*, 56 F.3d 279, 284 (D.C. Cir. 1995). There can be little doubt that an amount in excess of $10,000 is exactly what plaintiff seeks here.

In particular, nearly all of plaintiff's grievances are rooted in the *Basu* settlement agreement, and Count Two of the Amended Complaint is specifically titled "Breach of Contract." Am. Compl. ¶¶ 8, 10, 12, 17, 18-20; Def.'s Mot. at 18. At the very least, Count Two is clearly a claim "founded . . . upon an express or implied contract with the United States." 28 U.S.C. § 1491(a)(1); *see also Hansson*, 411 F.3d at 232. Moreover, while the plaintiff does not allege a specific monetary amount in the Amended Complaint, he is seeking various forms of relief whose value would easily exceed $10,000. Indeed, plaintiff requests damages in the form of lost wages, future lost wages, and benefits, Am. Compl. at 6-7, and *never* restricts the relief he is seeking to under the $10,000 threshold. *See Waters v. Rumsfeld*, 320 F.3d 265, 271 (D.C. Cir. 2003) (for a district court to maintain jurisdiction over a claim that might otherwise exceed $10,000, a plaintiff must "expressly disclaim" damages over that amount).

---

[2] To the extent that the resolution of a contract disagreement would require the Court of Federal Claims to interpret Title VII, the action arises under federal law and belongs in the district court. *See Hansson*, 411 F.3d at 235. But, as outlined in Section II.A *infra*, this claim can be resolved on contract grounds and thus belongs in the Court of Federal Claims.

However, if plaintiff had asserted a valid claim for relief under Title VII, this Court could exercise supplemental jurisdiction over the *Basu* settlement agreement. *See Rochon v. Gonzales*, 438 F.3d 1211, 1215 (D.C. Cir. 2006). But, because plaintiff failed to state any Title VII claim for which relief can be granted, as demonstrated in Section II *infra*, this Court has no basis to exercise jurisdiction over the contract claim. *See Pourbabai v. Mineta*, No. 04-1554, 2007 WL 2549230, at *4 (D.D.C. Sept. 7, 2007) (court refused to exercise supplemental jurisdiction over a contract claim where the non-contractual claims were not validly within the court's jurisdiction). Plaintiff's contract claim for more than $10,000 in damages is therefore subject to Tucker Act jurisdiction and belongs in the Court of Federal Claims. Accordingly, the case is transferred to that court pursuant to 28 U.S.C. § 1631.

## II.  Title VII Claims

Defendant also moves to dismiss, or for summary judgment on, plaintiff's Title VII claims. "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Because the Court must rely upon matters outside the pleadings in evaluating whether the plaintiff is entitled to relief on his Title VII claims, the Court will decide the motion in accordance with Rule 56, rather than as a Rule 12(b)(6) motion to dismiss.

Pursuant to Rule 56, summary judgment shall be granted when the record demonstrates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986). A court draws all justifiable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248.

Plaintiff alleges that defendant violated Title VII through two discrete acts: (1) by providing him with a smaller award than other class agents and failing to notify him of his opportunity to object to the agreement, and (2) by failing to promote him. For the following reasons, the plaintiff is not entitled to relief under either theory of a Title VII violation.

### A.   *Agreement-Related Title VII Claim*

Plaintiff alleges violations of Title VII in connection with the *Basu* settlement agreement. Specifically, he contends that the defendant discriminated and retaliated against him by "providing him significantly less relief than the other class agents and then failing to provide him notice of his right to file an objection to the class action settlement agreement." Am. Compl. ¶ 17. I disagree.

The line between Title VII statutory claims and claims involving Title VII settlement agreements can be thin, but the distinction is important. Claims for breach of a settlement agreement that may require interpretation of Title VII belong in the Court of Federal Claims; discrimination or retaliation claims under Title VII that may relate to the settlement agreement are within the province of the federal district courts. *See Greenhill*, 482 F.3d at 575 (the Court of Federal Claims has drawn "a critical distinction between

7

actual discrimination claims for which Title VII provides the exclusive remedy and breach-of-settlement claims that 'fall[] outside the comprehensive scheme' of Title VII.") (citing *Westover v. United States*, 71 Fed. Cl. 635, 639 (2006)). Even if the plaintiff has alleged a discrimination claim under Title VII, if that claim involves "only straightforward contract issues," it belongs in the Court of Federal Claims. *Hansson*, 411 F.3d at 232. Thus, this Court must determine if plaintiff's allegation involves only the "contract issues" of the settlement agreement, or if it is an independent Title VII discrimination and retaliation claim.

Here, plaintiff's claim is, overwhelmingly, a contractual claim relating to Title VII, as opposed to a Title VII claim relating to a contract. The defendant's alleged failure to provide notice of plaintiff's right to object to the agreement is a breach of contract claim. Indeed, but for that alleged breach, the plaintiff could have argued the second claim he makes here – that the settlement agreement "provid[ed] him significantly less relief than the other class agents" – to the Administrative Judge charged with determining the fairness of the agreement *before* the agreement became binding. The resolution of this claim thus rests solely on the question of whether defendant provided the requisite notice. If it did, then plaintiff failed to object in a timely manner and is bound by the agreement. If it did not, defendant breached the notice provisions and plaintiff will be awarded the proper restitution. Plaintiff's claim therefore involves "only straightforward contract issues," *Hansson*, 411 F.3d at 232, and properly belongs with the Court of Federal Claims.

### B.   *Non-Promotion Title VII Claim*

Finally, plaintiff alleges that the USDA discriminated and retaliated against him when it did not select him for a promotion, a claim he argues he made in two complaints he filed with the EEOC – one in June 2006 and one in August 2006. Am. Compl. ¶ 17. Neither of these complaints is appropriately before this Court.

First, it is undisputed that the June 2006 complaint was wholly unrelated to a non-promotion discrimination or retaliation claim. Def. Reply at 8. The complaint never mentions any specific position for which plaintiff applies and was not selected. Def. Mot., Ex. 22. In fact, the only allegations made in that complaint were that plaintiff did not receive sufficient notice of his right to challenge the *Basu* agreement. *Id.* Such contract-based claims, for the reasons previously stated, belong in the Court of Federal Claims.

Second, as to the August 2006 complaint, plaintiff failed to exhaust his administrative remedies. To succeed on a Title VII claim, plaintiff must show that he waited 180 days after filing a complaint with the EEOC before bringing suit in federal court. A plaintiff who acts before the 180-day period has expired has not exhausted his administrative remedies, and his suit must be dismissed. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407. Here, Murthy filed his initial complaint too soon. While he argues that his Amended Complaint, which he submitted after 180 days had passed, remedied the issue, he cites no authority for this proposition. How could he, though, when the filing date, not the amendment date, is the relevant one in assessing his failure to exhaust. *See* 42 U.S.C. § 2000e-16(c) (after 180 days without a final decision from the EEOC, an

9

employee "may *file* a civil action") (emphasis added); *see also Schmidt v. U.S. Postal Serv.*, 56 Fed. Appx. 173, 174 n.* (4th Cir. 2003) ("[T]he defect in the complaint – failure to exhaust administrative remedies – had to be cured by something more than an amendment to the complaint."). Thus having brought his suit in this Court less than 180 days after filing the EEOC complaint, plaintiff has failed to exhaust his administrative remedies and his claim must therefore be dismissed.

## CONCLUSION

For all of the reasons above, defendant's motion to dismiss pursuant to Rule 12(b)(1) is GRANTED as to plaintiff's contract claims. As to his non-promotion Title VII claims, defendant's motion for summary judgment is also GRANTED due to plaintiff's failure to exhaust his administrative remedies.

*[signature]*
RICHARD J. LEON
United States District Judge